IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOALL, *et al*, | ) | CASE NO.: 1:09 CV 2510 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HOWARD HANNA COMPANY, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| CANTLIN, *et al.*, | ) | CASE NO.: 1:09 CV 2546 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HOWARD HANNA COMPANY, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Motion to Dismiss and for Partial Summary Judgment by Defendants Howard Hanna Company and Home Security of America, Inc.. The motion is directed at Claims One and Two of the Class Action Complaint filed by Plaintiffs Rita Noall and Cindy Miller, in Case No.: 09 CV 2510. (ECF # 8). Defendants also filed a Motion

for Judgment on the Pleadings directed at Plaintiffs Patrick Cantlin and Elizabeth Hong's Claims One and Two in Case No.: 09 CV 2546. (ECF # 6). The two cases have been consolidated under Case No.: 09 CV 2510.[1] Plaintiffs in both cases filed a combined Brief in Opposition to the Defendants' dispositive motions. (ECF #14). Defendants filed a Reply (ECF #22). and, both sides filed Supplemental Briefs in support of their positions. (ECF #30, 31). In May of 2010, the Parties stipulated, pursuant to Rule 41(a)(1)(A)(ii) to the dismissal without prejudice of Ms. Miller's claims against Defendant Home Security of America, Inc., and all class claims alleged in Count Two of the Complaint against Defendants Howard Hanna Company and Home Security of America, Inc..[2] (ECF #28). Plaintiffs have also filed a Notice of Supplemental authority, and Defendants have responded to this notice. (ECF #34, 35). After careful consideration of the briefs and a review of all relevant authority, Defendants' motions to dismiss are DENIED.

### **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings close, but within such time as not to delay trial. The same standard of review applies to both Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss. *Downey v. Reich Installation Services, Inc.*, No. 3:09 CV 263, 209 WL 2922262, at *1 (N.D. Ohio Sept. 8, 2009)(citing *Ross, Brovins, Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006)).

---

[1] All future docket references will refer to the docket numbers in Case No.: 09 CV 2510.

[2] This ends Defendant, Home Security of America, Inc.'s involvement in this case, and renders the Summary Judgment portion of Defendant's Motion directed at Count Two of Noall and Miller's Complaint moot.

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **FACTS AND ANALYSIS**[3]

I. <u>RESPA</u>

Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claims are based on an alleged violation of Section 8(b) of the Act. Section 8(b) provides that:

---

[3] In accordance with the applicable standards on a motion to dismiss, the facts set forth in the Complaints have been taken as true for purposes of this opinion.

-3-

> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

Plaintiffs claim this section has been violated because Howard Hanna Company ("Howard Hanna") collected an "Administrative Fee" from consumers, without having rendered any services in exchange for this fee. Howard Hanna contends that even if Plaintiffs' allegations are true, the statute does not prohibit such an act unless the Administrative Fee in question is split or shared with a third party.

The Sixth Circuit has not ruled on the question of whether 12 U.S.C. § 2607(b) applies when a single entity keeps the entire fee, or only when the fee is split between two or more parties. Nationwide, there is a split between the circuits on the answer to this question. The Fourth, Seventh, and Eighth Circuits have held that a fee must be split in order to violated Section 8(b) of RESPA. *See, e.g., Boulware v. Crossland Mortg. Corp.*, 291 F.3d 261, 268 (4th Cir. 2002); *Krzalic v. Republic Title Co.*, 14 F.3d 875, 881 (7th Cir. 2002)*; Haug v. Bank of America*, 317 F.3d 832, 836 (8th Cir. 2003). In contrast, the Second, Third, and Eleventh Circuits have indicated that this section may apply to a single-party fee. *See, e.g., Kruse v. Wells Fargo Home Mortg. Inc.,* 383 F.3d 49 (2d Cir. 2004); *Santiago v. GMAC Mortg. Group Inc.*, 417 F.3d 384 (3d Cir. 2005); *Sosa v. Chase Manhattan Mortg. Corp.*, 348 F.3d 979 (11th Cir. 2003). Two district courts in this Circuit have followed the holdings of the Fourth, Seventh and Eight Circuits refusing to apply Section 8(b) in cases that challenged a single-party fee. *See Morrison v. Brookstone Mortg. Co., Inc.*, No. 2:03-CV-729, 2006 WL 2850522, at *6-7 (S.D. Ohio 2006); *Molosky v. Washington Mutual Bank*, No. 07-CV-11247, 2008 WL 183634 (E.D. Mich. Jan. 18,

2008). Other district courts in circuits that have not faced this issue have analyzed the issue and decided to follow the holdings of the Second, Third, and Eleventh Circuits instead. *See, e.g., Bushbeck, et al. v. Chicago Title Insurance Co*, 2010 WL 2262340 (June 1, 2010 W.D. Wash.).

This Court finds the language in the statute to be ambiguous with regard to whether an unearned fee must be split with a third party in order to be actionable under this section. The language of the statute bars acceptance of "any portion, split, or percentage" of the improper fee. It is unclear on the face of the statute whether this is meant to include a whole portion, or 100% of the fee, or whether it is limited to the receipt of a partial portion or percentage. A "split" fee is not specifically required, as a "split" is listed as only one of three alternatives that would subject the receiver to liability under the statute. Further, although a split amongst courts as to the appropriate meaning of a statute does not automatically equate to an ambiguity in the language of the statute, divided opinions amongst a wide variety of courts is certainly evidence that reasonable minds can differ as to the meaning of the language, and that the statute at issue is not entirely clear. *Cf., Carter v. Welles-Bowen Realty, Inc.,* 553 F.3d 979, 986 (6th Cir. 2009).

Having found the language to be ambiguous, the Court must look to outside sources to determine the true meaning behind the statutory language. *See Chevron, U.S.A., Inc. V. NRDC, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778 (1984). Outside sources may include "other statutes, interpretations by other courts, legislative history, policy rationales, and the context in which the statute was passed." *Carter*, 553 F.3d at 986 (citing *Brilliance Audio, Inc. v. Haights Cross Commc'n*, 474 F.3d 365, 372 (6th Cir. 2007); *Crandon v. U.S.*, 494 U.S. 152, 158, 110 S.Ct. 997 (1990)).

Plaintiffs urge the Court to look at the legislative purpose behind the statute, as well as

-5-

the policy statements set forth by the Department of Housing and Urban Development ("HUD"). Defendants urge the Court to disregard these sources and to look instead to discussions in the legislative history relating to the statute's role (or rather lack of a role) in establishing pricing controls for settlement fees in the mortgage industry, and court opinions on the pricing control portion of the policy statement and regulation.

HUD is specifically authorized by Congress to "prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this Act." 12 U.S.C. § 2617(a), 12 U.S.C. § 2602(6). The Sixth Circuit has recognized the authority and importance of considering HUD's policies and regulations when interpreting statutes within it's purview. "HUD is the agency charged with administering and interpreting RESPA. As such, its regulations are instructive in discerning the meaning of the statute's provisions." *Carter*, 553 F.3d at 987 (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-140, 65 S.Ct. 161 (1994)). The parties agree that HUD's policies and regulations support the Plaintiff's position that Section 8(b) does not require a fee to be split in order for it to be actionable. *See* 2001 Policy Statement 66 Fed. Reg. 53053, 53059 (October 18, 2001); 24 C.F.R. § 3500.14(c)).

"As part of statutory interpretation, the court must also consider the overall intent of the statute." *Carter*, 553 F.3d at 988 (citing *Crandon*, 494 U.S. at 158). HUD's position on this issue aligns with documented Congressional intent of the RESPA statute. Congress stated that it enacted RESPA to protect consumers from "unnecessarily high settlement charges caused by

certain abusive practices that have developed in some areas of the country." [4] 12 U.S.C. § 2601(a). As it would seem that charging extra Administrative Fees, when no administrative services were provided could be considered an abusive practice, it would follow that the HUD interpretation that prevents the assessment of such fees by any entity (and not only when split between multiple entities) would further the general purpose of the statute. Therefore, HUD's policies and regulations relating to this specific issue appear reasonable and deserve deference.

Nonetheless, Defendants, ask the Court to ignore HUD's position and regulations on this issue because HUD included in it's policy and regulation other statements that expanded the scope of Section 8, interpreting it to be a price control mechanism, as well as a ban on unearned fees. Although there is evidence (and nearly universal acceptance among the courts) that the statute was not intended to be a price control mechanism, and it does not prohibit charging prices on settlement services that exceed the "reasonable value" of the service provided, this has no bearing on the agency's position with regard to the question at hand. This case does not involve allegations of unreasonable pricing. Rather, Plaintiffs allege that Howard Hanna added fees that are not associated with *any* provided services. There is a qualitative difference between setting what might considered to be an unreasonable price for one's services, and alternatively listing a service fee for a service that was never rendered. One is arguably a matter of market pricing, the other is a matter of deception. Therefore, the issues are distinct: the question currently before the Court is not whether the fees are unreasonable, but whether the statute bans unearned fees only if they are split between more than one entity. Even if HUD has been held to have overreached its

---

[4] Neither sides provides any evidence as to what specific abusive practices were meant to be targeted.

authority with regard to its policies on price control, that does not mean that it has overreached in its interpretation of the statutory language relating to unearned fees and whether they are banned only if they are shared between two or more entities.

Because this Court finds that the statutory language is ambiguous, and that HUD's interpretation of the language is both reasonable and in line with the stated legislative purpose of RESPA, Section 8(b) of the statute shall be considered to ban the imposition of unearned fees whether or not those fees are retained by a single entity or split amongst two or more entities. Defendant's Motion to Dismiss the RESPA claims in the two Complaints are, therefore, denied.

II. Fraud

A claim for fraud must be pled with particularity. (F.R.C.P. 9(b)). In order to satisfy this requirement, a Plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 22 F.3d 157, 163 (6th Cir. 1993). In this case, Plaintiffs have alleged that Howard Hanna, by virtue of its settlement statement, which Plaintiffs were given at their closings, misrepresented to Plaintiffs that they had provided administrative services by charging an administrative fee. Plaintiffs claimed that they relied on this misrepresentation as evidenced by their payment of the fee. The allegedly fraudulent scheme is outlined in the Complaint, the intent of the defendants is alleged, and Plaintiffs seek damages for a monetary injury. Although Defendant claims that the fraud claim is not specific enough to satisfy the heightened pleading requirements of Fed. R. 9(b), they ignore information contained throughout the Complaint and focus only on the recitations of elements set forth in the

section outlining the precise claim. It is clear from reading the Complaint what the Plaintiffs see as the basis for the claim of fraud. In essence, Plaintiffs allege that Howard Hanna charged them for a service they did not perform, and by listing that charge on the settlement statement, they misrepresented the cost of the settlement in order to pocket unearned money.[5] Given these details in the Complaint and because the Sixth Circuit generally construes the pleading requirements for fraud liberally, the Court cannot at this stage of the litigation say with certainty that "it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41 (1980).

Defendant's other arguments against the fraud claim do not rely on the particularity of the pleadings. Rather, Defendant argues that the HUD-1 Settlement Statement contradicts the allegations made in the Complaint. Howard Hanna contends that the inclusion of the administrative fee was not a representation made by them (because they did not prepare the statements), and that the "statement" should be attributed to the settlement company that prepared the document. Further, Howard Hanna claims that the inclusion of the fee was not a representation that any services were rendered in exchange for that fee.

Both of these arguments fail. Whether or not Howard Hanna prepared the actual document, they can be liable if they provided the information contained in the settlement statement to the settlement company with the intent that it would be passed on to the Plaintiffs. There is no indication that the settlement company created the fees, named the fees, or assumed

---

[5] Defendant argues that there can be no fraudulent intent in charging an "administrative fee" because the HUD-1 specifically devotes a line for such fees. The fact that a line exists has no relation to whether such a fee can be appropriately or legally assessed in every settlement.

-9-

any liability for the content of the settlement statements, even if they physically prepared the statement and organized it to comply with the HUD disclosure requirements. At best, there would be a question of fact as to which party was responsible for assessing the fees and how they were broken out on the HUD settlement form. Plaintiffs, however, legitimately claim that the statements were those of Howard Hanna, regardless of who prepared the actual document containing those statements. To allow Howard Hanna to avoid a fraud claim based on this argument would be akin to allowing someone to avoid liability for fraud because someone else typed it up and delivered it on his behalf.

Defendants argument that the inclusion of the fee was not a representation that services were rendered is also a question of fact. If Plaintiffs can show that a reasonable person, upon seeing the charge and its label, would have believed that services had been rendered in exchange for the fee, then they could show that the statement was a misrepresentation for purposes of a fraud claim.

-10-

## **CONCLUSION**

For the reasons set forth above, the Defendant's Motions to Dismiss (Case No.: 09 CV 2510, ECF #8; Case No.: 09 CV 2546, ECF # 6) are hereby DENIED. IT IS SO ORDERED.

                                              /s/Donald C. Nugent
                                              Judge Donald C. Nugent
                                              United States District Judge

Date: September 21, 2010