IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| NOALL, *et al*, | ) | CASE NO.: 1:09 CV 2510 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HOWARD HANNA COMPANY, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| CANTLIN, *et al.*, | ) | CASE NO.: 1:09 CV 2546 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HOWARD HANNA COMPANY, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Defendants' Motion, Pursuant to 28 U.S.C. §

1292(b), to Certify An Interlocutory Appeal From the Court's September 21, 2010 Order

Denying Defendants' Motions to Dismiss.  (ECF #38).  Plaintiffs' filed a Brief in Opposition to

the motion, and Defendants filed a Reply.  (ECF #41, 43).  Defendants also filed a notice of

supplemental authority showing a further split in the Circuits on the relevant issue raised in the

motions to dismiss. (ECF #44).

## PROCEDURAL HISTORY

Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claims are based on an

alleged violation of Section 8(b) of the Act.  Section 8(b) provides that:

> No person shall give and no person shall accept any portion, split, or percentage
> of any charge made or received for the rendering of a real estate settlement service
> in connection with a transaction involving a federally related mortgage loan other
> than for services actually performed.

12 U.S.C. § 2607(b).

Plaintiffs claim this section has been violated because Howard Hanna Company

("Howard Hanna") collected an "Administrative Fee" from consumers, without having rendered

any services in exchange for this fee.   Howard Hanna contends that even if Plaintiffs' allegations

are true, the statute does not prohibit such an act unless the Administrative Fee in question is split

or shared with a third party.

The Sixth Circuit has not ruled on the question of whether 12 U.S.C. § 2607(b) applies

when a single entity keeps the entire fee, or only when the fee is split between two or more

parties.  Nationwide, there is a split between the circuits on the answer to this question.  The

Fourth, Fifth, Seventh, and Eighth Circuits have held that a fee must be split in order to violated

Section 8(b) of RESPA.  *See, e.g., Boulware v. Crossland Mortg. Corp.*, 291 F.3d 261, 268 (4th

Cir. 2002); *Freeman v.  Quicken Loans, Inc.* ,  — F.3d —, No. 09-30902, 2010 WL 4629008 (5th

Cir. Nov. 17, 2010);  *Krzalic v. Republic Title Co.*, 14 F.3d 875, 881 (7th Cir. 2002)*; Haug v.

Bank of America*, 317 F.3d 832, 836 (8th Cir. 2003).  In contrast, the Second, Third, and Eleventh

Circuits have indicated that this section may apply to a single-party fee.  *See, e.g., Kruse v. Wells Fargo Home Mortg. Inc.,* 383 F.3d 49 (2d Cir. 2004); *Santiago v. GMAC Mortg. Group Inc*., 417 F.3d 384 (3d Cir. 2005);  *Sosa v. Chase Manhattan Mortg. Corp*., 348 F.3d 979 (11th Cir. 2003). Two district courts in this Circuit have followed the holdings of the Fourth, Fifth, Seventh and Eight Circuits refusing to apply Section 8(b) in cases that challenged a single-party fee.  *See Morrison v. Brookstone Mortg. Co., Inc.*, No. 2:03-CV-729, 2006 WL 2850522, at *6-7 (S.D. Ohio 2006); *Molosky v. Washington Mutual Bank*, No. 07-CV-11247, 2008 WL 183634 (E.D. Mich. Jan. 18, 2008).  Other district courts in circuits that have not faced this issue have analyzed the issue and decided to follow the holdings of the Second, Third, and Eleventh Circuits instead. *See, e.g., Bushbeck, et al. v. Chicago Title Insurance Co*, 2010 WL 2262340 (June 1, 2010 W.D. Wash.)*.*

This Court found the language in the statute to be ambiguous with regard to whether an unearned fee must be split with a third party in order to be actionable under this section, and that HUD's interpretation of the language is both reasonable and in line with the stated legislative purpose of RESPA.  Therefore, the Court held Section 8(b) of the statute shall be considered to ban the imposition of unearned fees whether or not those fees are retained by a single entity or split amongst two or more entities, and  Defendant's Motion to Dismiss the RESPA claims in the two Complaints were denied.

## **ANALYSIS**

Title 28 of the United States Code, Section 1292(b) permits a district court judge to submit to the Court of Appeals an order that is not otherwise appealable, if the court is "of the

opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).   The Court of Appeals, then has discretion to permit the appeal if the request is timely filed.  Proceedings in the district court are not automatically stayed during the appeal, but may be stayed at the order of either the district court or the appellate court.  *Id.*

An issue of law may be considered controlling if "it could materially affect the outcome of the case," of it its resolution has precedential value.  *In re Baker & Getty Financial Services, Inc.,* 954 F.2d 1169, 1172 (6th Cir. 1992).  In this case, the Court's decision on the RESPA issue made a determination on a purely legal question that determined whether or not the case could go forward on the federal statutory claim, and because there has been no opinion on this legal issue rendered by the Sixth Circuit Court of Appeals, the resolution of this issue would clearly have precedential value. [1]

Further, while the Court made a reasoned analysis that incorporated principles sanctioned by the Sixth Circuit, and that this Court believes was the correct resolution of the issue, there is no question that there is substantial ground for differences of opinion on this issue.  There is a clear split in the federal Circuits with regard to this specific issue, and other courts within the Sixth Circuit have come to different conclusions.  This widely divergent treatment of this issue among the Circuits and within the Sixth Circuit is sufficient to satisfy this requirement for

---

[1] There is at least one other case in this Circuit that is facing the precise legal question at issue.  *See Augenstein et al. v. Caldwell Banker Real Estate LLC, et al.,* Case No. 2:10 CV 191-ALM-NMK (pending before Judge Mabley in the Southern District of Ohio, Eastern Division).

interlocutory appeal. *See In Re Baker & Getty*, 954 F.2d at 1172.

Finally, an early decision on the issue by the Sixth Circuit may materially advance the ultimate termination of these two cases. Although , a decision by the Sixth Circuit would not necessarily terminate the litigation of the remaining state law fraud claims, it would certainly advance the termination of the cases by providing an ultimate answer to the RESPA issue which is the driving force of the litigation. Further, if the RESPA issue is resolved, the class certification issues will be greatly simplified or even possibly eliminated.

Thus, for the reasons set forth above, this Court finds and certifies that its Order dated September 21, 2010, which held that Section 8(b) of the RESPA statute bans the imposition of unearned fees whether or not those fees are retained by a single entity or split amongst two or more entities, satisfies the criteria under 28 U.S.C. §1292(b) and should be considered for acceptance by the Sixth Circuit Court of Appeals on interlocutory appeal. Defendants' Motion to certify an interlocutory appeal is, therefore, GRANTED. This case is stayed pending a decision by the Sixth Circuit Court of Appeals. IT IS SO ORDERED.

 /s/ Donald C. Nugent
Judge Donald C. Nugent
United States District Judge

Date:    December 1, 2010