IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RITA A. NOALL, *et al.*, | ) | CASE NO.: 1:09 CV 2510 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| HOWARD HANNA COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendant Howard Hanna Company's ("HHC") Motion to Dismiss Plaintiffs' Consolidated Complaint for Lack of Standing. (ECF #46). Plaintiff filed a Brief in Opposition to HHC's Motion, and Defendants filed a Reply. (ECF #56, 58). The Court converted the Motion to Dismiss to a Motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 12(d). Following a limited period of discovery, Plaintiffs filed a Supplemental Brief in Opposition, and HHC filed a Response to Plaintiffs Supplemental Brief. (ECF # 64, 66). The Court heard oral argument on the issue on September 30, 2011. The Court has carefully considered all of the pleadings, motions, briefing, and arguments, and has examined the relevant facts and law. Based on the information before it, the Court finds that Defendants' motion should be DENIED.

## **STANDARD OF REVIEW**

In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see also Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974. Conclusory allegations, or legal conclusions asserted in lieu of factual allegations are not sufficient. *Bishop v. Lucent Tech, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be

decided. In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).

Pursuant to Fed. R. Civ. Pro. 12(d), if on a 12(b)(6) motion, matters outside of the pleadings are presented, and not excluded by the Court, the motion should be treated as a summary judgment motion under Rule 56 and all parties shall be given the opportunity to present all pertinent material. HHC's motion does present information not contained in the pleadings, although some of this information is derived from public records, which are properly considered when deciding a motion to dismiss. In so far as any of the information relied on in the Motion to Dismiss is beyond the scope of a dismissal motion, the Court finds that all parties have had a full opportunity to conduct relevant discovery and present pertinent material, and that the Plaintiffs have countered HHC's arguments with relevant information. Therefore, the mandates of Fed. R. Civ. Pro. 12(d) have been satisfied.

**PROCEDURAL HISTORY**

The Plaintiffs filed this action in October of 2009 as a putative class action seeking damages for alleged violations of the Real Estate Settlement Procedures Act ("RESPA") and HUD regulations. Plaintiffs named Howard Hanna Company (d/b/a Howard Hanna Real Estate Services), Home Security of America, Inc., Smythe, Cramer Co., and Howard Hanna Smythe Cramer as Defendants. (ECF #1). In September of 2010, Plaintiffs filed an Amended Complaint

adding two named plaintiffs and eliminating defendant Home Security of America, Inc.. (ECF #37). The Amended Complaint also served to consolidate case number 09 CV 2546, with the above-captioned case.

Defendant Howard Hanna Company ("HHC") now seeks to be dismissed from the action on the theory that Plaintiffs have no Article III standing to bring suit against it. HHC claims that every named Plaintiff has based their claims on an Ohio real estate transaction; that HHC does not do business in Ohio; and, that it had nothing to do with the transactions at issue. Plaintiffs Cantlin and Hong claim that two of the sales contracts at issue were entered into with "Howard Hanna Real Estate Services," which is the trade name of HHC. They also argue that HHC and Howard Hanna Smythe Cramer or Smythe Cramer Co. (collectively "Smythe Cramer") are effectively all part of the same business with overlapping involvement in real estate transactions in both Ohio and Pennsylvania.

## **ANALYSIS**

There is no question that Article III standing is a threshold question in every federal case. *See, Warth v. Seldin*, 422 U.S. 490, 498 (1975). In order to establish standing against HHC, Plaintiffs must assert facts that would show that they have been harmed or damaged by the acts or omissions of HHC. HHC claims that the facts asserted by the Plaintiffs in the Amended Complaint contradict their allegation that they were harmed by HHC. HHC claims that it is not registered as a real estate broker in Ohio and does not do business in Ohio.[1] Therefore, it argues

---

[1] Although Howard Hanna Company's Real Estate and Professional Licensing in Ohio is currently inactive, it is still registered as a foreign corporation licensed to do business in Ohio in the real estate industry. Further, just because HHC is not currently licensed as a

that because all of the transactions at issue were entered into in Ohio, HHC could not have caused the alleged harm to Plaintiffs. HHC claims that the contracts at issue were actually contracts between Plaintiffs and Smythe Cramer.

The contracts of Plaintiffs Cantlin and Hong state that they are contracting with "Howard Hanna Rest Estate Services." "Howard Hanna Real Estate Services" is not a business, but a registered trade name. A corporation and its trade or fictitious name are not separate entities. *See, e.g., Wells Fargo Bank, NA v. WSW Franchising, Inc.*, 10th Dist. No. 09AP-26, 2009 Ohio 3845, at ¶ 14. Therefore, when a contract is made using a trade name, the contract is considered to have been made with the legal entity who owns that trade name. In this case, HHC owns the trade name "Howard Hana Real Estate Services." "Howard Hanna Real Estate Services" is not a registered trade name for Smythe Cramer, and has no official or legal connection to Smythe Cramer.[2]

HHC argues that Smythe Cramer made the contract even though it used the name "Howard Hanna Real Estate Services," which it had not legally registered. It further argues that HHC cannot be held liable simply because Smythe Cramer used its registered trade name without its authorization. This may well be true, but it is far from clear that Smythe Cramer's alleged use of the trade name was done without HHC's authorization or approval. HHC and Smythe Cramer share a single website that appears to hold them out as a single entity. The Howard Hanna

---

real estate broker in Ohio, does not mean that has not entered into contracts in Ohio, it would only mean that those contracts may violated Ohio business law.

[2] Smythe Cramer registered the trade names: "Howard Hanna Smythe Cramer" and "Howard Hanna," but did not register "Howard Hanna Real Estate Services." (ECF #46-9, 46-10, 46-34).

website, labeled as Howard Hanna Real Estate Services (the trade name of Howard Hanna Company ), states that Howard Hanna (the trade name of both Howard Hanna Company and Smythe Cramer) is headquartered in Pittsburgh, is the 4th largest real estate company in the United States, and the largest in Pennsylvania and Ohio. (ECF #46-34, 46-37, 64-1 at 42). It speaks of Howard Hanna as a single company with offices in four states, including Ohio. It is undisputed that Howard Holdings, Inc., the majority share holder in Smythe Cramer is also the sole owner of Howard Hanna Company. (ECF #46-34, 46-37, 64-1). There is also at least some degree of co-mingling between the companies who share marketing tools, the same website, IT training, continuing education and industry training/conventions, computer data storage, group discounts from equipment vendors, and listings of each other's financial accounts. (ECF #64-1). The current record also suggests that there may be some co-mingling of finances, though that issue is far from clear under the evidence currently before the Court. (ECF #64-1).

      The Amended Complaint sets forth sufficient facts to establish standing against HHC. Whether or not the facts will eventually show that HHC was actually a party to the transactions, or that it received any of the funds at issue in the Complaint is a matter of determining liability, Plaintiffs have shown sufficient facts to support their allegations that a harm that may have been caused by HHC, and that is sufficient to establish standing at this point in the proceedings.

## **CONCLUSION**

For all of the reasons set forth above, Defendants Motion to Dismiss (ECF # 46), is

DENIED. IT IS SO ORDERED.

                                            /s/Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: October 25, 2011